IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VINCENT and JUSTINE FERRAIOLI,

     Plaintiffs,

vs.                                  Civ. No. 02-879 JP/LFG

PITRE, INC. and COMPASS BANK,

     Defendants,

and

COMPASS BANK,

     Cross-Claimant,

vs.

PITRE, INC.,

     Cross-Defendant.

MEMORANDUM OPINION AND ORDER

On February 6, 2003, the Defendant/Cross-Claimant Compass Bank (Compass) filed a Motion for Summary Judgment on Compass Bank's Cross Claim Against Pitre, Inc. (Doc. No. 44). Having reviewed the briefs and relevant law, the Court finds that Compass' motion for summary judgment should be denied.

A.  Background

On July 23, 2002, the Plaintiffs filed this lawsuit against Defendant/Cross-Defendant Pitre, Inc. (Pitre) and Compass. The Plaintiffs allege that Pitre failed to make disclosures about the history of a used car which the Plaintiffs had purchased from Pitre. Complaint for Damages and Demand for Jury Trial (Doc. No. 1) at ¶1. The Plaintiffs also allege that Pitre failed to disclose

that it was consolidating the Plaintiffs' previous loan on their trade in vehicle with the new loan to

purchase the used car.  *Id.*  The Plaintiffs sued Compass because "Compass is the holder of the

motor vehicle installment sales contract in the transaction which is the subject of this lawsuit."  *Id.*

at ¶6.

On November 27, 2002, Compass filed a Cross-Claim (Doc. No. 28) against Pitre.

Compass alleges that Pitre breached the Dealer Agreement which Compass and Pitre had entered

into on August 8, 2000.  The Dealer Agreement sets forth the terms and conditions under which

Compass agreed to purchase certain retail installment loan contracts from Pitre.  Specifically,

Compass alleges that Pitre breached Section 6(a) of the Dealer Agreement.  Section 6(a) states in

pertinent part:

> If Dealer breaches this Agreement, including breach of any representation,
> warranty or covenant relating to a Contract or if Dealer breaches any obligation it
> may have under a Contract, or if a Buyer asserts a claim for damages or rescission
> against Dealer or Compass on the alleged basis of Dealer's actions or failure to
> act, then:  (I) with regard to any Contracts which relate to such breach or claim,
> Dealer will promptly repurchase such Contract(s) by paying to Compass the
> unpaid principal balance and all unpaid finance charges, premiums, and other
> prepaid items under the Contract(s), as calculated by Compass, and (II) Dealer will
> also pay to Compass all of Compass' losses and expenses, including reasonable
> attorney's fees and expenses and costs of appeal, related in any way to such breach
> or claim.

Compass also alleges Pitre's breach of Section 6(a) as the grounds for a claim of breach of the

implied covenant of good faith and fair dealing, and as the grounds for a claim of indemnification.

Compass argues that it is entitled to summary judgment on its Cross-Claim because it is

undisputed that the Plaintiffs asserted a claim of damages against Pitre by bringing this lawsuit.

Consequently, Compass argues that under Section 6(a) of the Dealer Agreement Pitre should

have repurchased the Plaintiffs' retail installment contract from Compass and should have

indemnified Compass for the attorney's fees and costs it has incurred in defending this lawsuit. Pitre argues, on the other hand, that there is a genuine issue of material fact with respect to how to interpret the language in Section 6(a) which states "if a Buyer asserts a claim for damages." Pitre contends that this phrase was intended by Pitre to mean a claim for damages which has been adjudicated to have merit.

B.  Summary Judgment Standard

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).  An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Bacchus Indus., Inc.*, 939 F.2d at 891.

C.  Discussion

The New Mexico Supreme Court has summarized the law on interpreting ambiguous language in written contracts as follows:

The question whether an agreement contains an ambiguity is a matter of law to be decided by the trial court. *Levenson v. Mobley*, 106 N.M. 399, 401, 744 P.2d 174, 176 (1987). The court may consider collateral evidence of the circumstances surrounding the execution of the agreement in determining whether the language of the agreement is unclear. *C.R. Anthony*, 112 N.M. at 508-09, 817 P.2d at 242-43. If the evidence presented is so plain that no reasonable person could hold any way but one, then the court may interpret the meaning as a matter of law. *Id.* at 510, 817 P.2d at 244. If the court determines that the contract is reasonably and fairly susceptible of different constructions, an ambiguity exists. *Vickers v. North Am. Land Dev., Inc.*, 94 N.M. 65, 68, 607 P.2d 603, 606 (1980). At that point, if the proffered evidence of surrounding facts and circumstances is in dispute, turns on witness credibility, or is susceptible of conflicting inferences, the meaning must be resolved by the appropriate fact finder, *C.R. Anthony*, 112 N.M. at 510, 817 P.2d at 244.

Once the agreement is found to be ambiguous, the meaning to be assigned the unclear terms is a question of fact. *Segura v. Molycorp, Inc.*, 97 N.M. 13, 18, 636 P.2d 284, 289 (1981). However, in the event the parties do not offer evidence of the facts and circumstances surrounding execution of the agreement and leading to conflicting interpretations as to its meaning, the court may resolve any ambiguity as a matter of law by interpreting the contract using accepted canons of contract construction and traditional rules of grammar and punctuation. *C.R. Anthony*, 112 N.M. at 510 n. 5, 817 P.2d at 244 n. 5. The factual issues, if any, presented by an ambiguity must be resolved by the jury (or by the judge as fact finder in the case of a bench trial) with the benefit of a full evidentiary hearing prior to deciding breach and damages. *Id.* at 510, 817 P.2d at 244. In order to determine the meaning of the ambiguous terms, the fact finder may consider extrinsic evidence of the language and conduct of the parties and the circumstances surrounding the agreement, as well as oral evidence of the parties' intent. *American Bank of Commerce v. M & G Builders, Ltd.*, 92 N.M. 250, 252, 586 P.2d 1079, 1081 (1978). Evidence may be presented to the fact finder to aid in the interpretation of the agreement, but no evidence should be received when its purpose or effect is to contradict or vary the agreement's terms. *Maine v. Garvin*, 76 N.M. 546, 550-51, 417 P.2d 40, 43 (1966); *see also C.R. Anthony*, 112 N.M. at 509, 817 P.2d at 243.

*Mark V, Inc. v. Mellekas*, 114 N.M. 778, 781-82, 845 P.2d 1232, 1235-36 (1993).

In this case, the phrase "if a Buyer asserts a claim for damages ... against Dealer or Compass on the alleged basis of Dealer's actions or failure to act" applies to any claim whether adjudicated or not.  The phrase is, therefore, unambiguous on its face.  However, Pitre has presented extrinsic evidence by its Chief Financial Officer (CFO), who signed the Dealer Agreement, that Pitre intended Section 6(a) to "only apply to legitimate claims that were fully

adjudicated by a court of law." *Affidavit of Tom Stever* at ¶3, attached as Ex.1 to Pitre's response.  The CFO also contends that Pitre would not have signed the Dealer Agreement if Section 6(a) was to be interpreted in any other way.  *Id.* at ¶5.  Compass did not challenge this evidence of Pitre's intent regarding the meaning of the pertinent language.  Considering the rather broad language of Section 6(a) and the extrinsic evidence of Pitre's intent upon the signing of the Dealer Agreement, the Court determines that Section 6(a) "is reasonably and fairly susceptible of different constructions."  *See Mark V, Inc.*, 114 N.M. at 781, 845 P.2d at 1235.  Consequently, the Court finds as a matter of law that Section 6(a) is ambiguous.  Since Section 6(a) is subject to conflicting inferences, the meaning of Section 6(a) must be resolved by a jury.  Summary judgment is, therefore, inappropriate.

IT IS ORDERED that Compass' Motion for Summary Judgment on Compass Bank's Cross Claim Against Pitre, Inc. (Doc. No. 44) is denied.


_____
CHIEF UNITED STATES DISTRICT JUDGE